UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANEL RADONCIC, on behalf of himself and all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | **Civil Action No.:** |
| -against- | |
| ABC PROPERTIES EQUITIES LLC, and FISHER ASSOCIATES, LLC, and ALAN FISHER, individually, | Jury Trial Demanded |
| Defendants. | |

SANEL RADONCIC ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs," as defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against ABC PROPERTIES EQUITIES LLC ("ABC Properties"), and FISHER ASSOCIATES, LLC ("Fisher Associates," and together with ABC Properties as "the Management Company"), and ALAN FISHER, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the New York Labor Law ("NYLL")'s requirement that employers make timely payments according to the terms and conditions of employment, § 191(d) and § 198(1-a); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a superintendent from 2013 to October 29, 2022. As described below, throughout the entirety of Plaintiff's employment and for the FLSA statutory period applicable to this Complaint, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA. Specifically, Defendants required Plaintiff to work more than forty hours per workweek, but intentionally failed to compensate him at the statutorily required overtime rate of one and one-half times her regular rate of pay for each hour that he worked per week in excess of forty.

3. Defendants also violated the NYLL by: (1) failing to pay Plaintiff, who is a manual worker, on a weekly basis; and (2) failing to pay him for accrued vacation and sick pay pursuant to the terms and conditions of his employment.

4. Defendants' failure to pay overtime in violation of the FLSA was not limited to Plaintiff, but also extended to all of Defendants' superintendents.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff additionally brings his claims under the NYLL on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

9.     At all relevant times herein, ABC Properties was and is a New York corporation with its principal place of business located at 152 West 57th Street, 12th Floor, New York, New York 10019.

10.    At all relevant times herein, Fisher Associates was and is a New York corporation with its principal place of business located at 152 West 57th Street, 12th Floor, New York, New York 10019.

11.    At all relevant times herein, Defendant Fisher was and is the owner and president of the Management Company. In this role, Defendant Fisher supervised Management Company's employees and possessed authority to hire and fire Management Company's employees. Defendant Fisher was also responsible for paying Plaintiff his wages. Defendant Fisher was responsible for hiring and firing Plaintiff.

12.    At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendants' annual business revenue exceeded and exceeds $500,000. Further, Defendants are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and buy equipment and supplies in the course of their business, which originate in states other than New York, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former superintendents who during the applicable FLSA limitations period, performed any work for Defendants and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty (40) hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

15. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty (40), yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty (40), in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former superintendents, who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants paid

5

each Rule 23 Plaintiff on a weekly basis; (3) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (4) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (5) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (6) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

22.   As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as superintendents. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York as manual workers, yet Defendants routinely failed to compensate them on a weekly basis. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid on a weekly basis. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23.   Plaintiff, as described below, worked the same or similar duties as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff on a weekly basis, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for

his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any superintendent of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

28. Defendants operate a property management company that manages residential buildings with its principal place of business located at 152 West 57th Street, 12th Floor, New York, New York 10019.

29. In 2013, Defendant Fisher hired Plaintiff to work as a superintendent to perform maintenance work for the Management Company that mainly consisted of cleaning, trash removal, and responding to tenants' inquiries. Plaintiff performed these duties for the duration of his employment. Plaintiff worked until October 19, 2022, when Defendant Fisher terminated Plaintiff's employment.

30. Throughout his employment with Defendants, Defendants required Plaintiff to routinely work Monday through Friday, from 8:00 a.m. through 5:00 p.m., each day without an uninterrupted meal break, and four hours each day on Saturday and Sunday. Thus, by approximation, Defendants required Plaintiff to work, and Plaintiff did work, approximately fifty-three scheduled hours per week.

31. Additionally, on Monday through Friday, Defendants required Plaintiff to work approximately two hours in addition to his scheduled hours each day, tending to issues raised by tenants and shoveling snow in the wintertime. Thus, in total, Plaintiff worked approximately sixty-three hours each week.

32. For his work, Defendants paid Plaintiff on a bi-weekly basis as follows:

| | |
|---|---|
| January 1, through December 31, 2016: | $1,272.00; |
| January 1, through December 31, 2017: | $1,306.00; |
| January 1, through December 31, 2018: | $1,340.00; |
| January 1, through December 31, 2019: | $1,392.00; |
| January 1, through December 31, 2020: | $1,444.00; |
| January 1, through December 31, 2021: | $1,496.00; and |
| January 1, through October 19, 2022: | $1,548.00. |

These bi-weekly amounts were intended to cover only the first forty hours that Plaintiff worked each week. Accordingly, for the duration of his employment, regardless of the number of hours that Plaintiff worked, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate for the twenty-three hours that Plaintiff worked over forty each week.

33. By way of example only, during the week of September 18, 2022, through September 24, 2022, Defendants required Plaintiff to work, and Plaintiff did work, seven days, from Monday through Sunday. From Monday through Friday, Plaintiff started working at 8:00 a.m. and worked until 5:00 p.m., with an uninterrupted meal break each day. Plaintiff additionally

worked an additional two hours during these days tending to issues raised by tenants requiring Plaintiff's attention. On Saturday and Sunday, Plaintiff worked an additional four hours, from approximately 9:00 a.m. until 1:00 p.m. on each day. Thus, adding up the hours for this representative workweek, Plaintiff worked approximately sixty-three (63) hours. For his work that week, Defendants did not pay Plaintiff any wages, instead paying him a bi-weekly amount of $1,548.00 at the end of the next week. Defendants thus did not pay Plaintiff at the statutorily applicable overtime rate for the twenty-three (23) hours that he worked in excess of forty (40) that week.

34. Defendants possessed a policy to pay its employees for any unused vacation and sick days. At the time of his termination, Plaintiff had nineteen (19) weeks of unpaid vacation and sick days. Despite Defendants' policy, Defendants failed to compensate Plaintiff for his nineteen (19) weeks of unpaid vacation and sick days.

35. Defendants paid Plaintiff on a bi-weekly basis by check.

36. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

37. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

38. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

39. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay or the minimum wage rate for all hours worked exceeding forty (40) in a workweek.

41. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

42. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty (40) hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

43. Defendants willfully violated the FLSA.

44. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective regular rates of pay or the minimum wage rate, whichever is greater.

45. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Under the NYLL*

46. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 191(d) provides that a worker shall be paid the wages earned in accordance with the agreed-upon terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

48. NYLL § 198(1-a) provides that "in any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the [CPLR], and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due."

49. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

50. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, had an agreement with Defendants to pay them wages according to established terms between the parties and Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, according to these terms by failing to pay them one and one-half their regular rates for all hours worked each day over eight hours and by failing to pay them double time for all hours worked on Sundays.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their wages in accordance with the agreed-upon terms of their employment.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's provisions.

**DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g.      Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service award to Plaintiff;

      h.      Designation of Plaintiff and Plaintiff's counsel as collective action representatives under the FLSA;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
       January 1, 2023

                                    Respectfully submitted,

                                    STEVENSON MARINO LLP
                                    *Attorneys for Plaintiff*
                                    445 Hamilton Avenue, Suite 1500
                                    White Plains, New York 10601
                                    Tel. (212) 939-7229

                    By:    _____
                            JEFFREY R. MAGUIRE